UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUADALUPE LUNA, Independent Administrator of the Estate of LEONOR BALCAZAR,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | )<br>)<br>)<br>) No. 15 C 5322<br>)<br>) Judge Harry D. Leinenweber<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AT LAW**

**COUNT I**
**(WRONGFUL DEATH)**

  NOW COMES the Plaintiff, GUADALUPE LUNA, Independent Administrator of the Estate of LEONOR BALCAZAR, deceased, by and through her attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, UNITED STATES OF AMERICA, states as follows:

  1. Plaintiff, GUADALUPE LUNA, bring herewith an order of the Circuit Court or Cook County, appointing him Independent Administrator of the Estate of LEONOR BALCAZAR, deceased, and entitling her to bring this action on decedent's behalf.

  2. This is an action against Defendant, UNITED STATES OF AMERICA, under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(l), for negligence and professional malpractice relating to the medical care provided to Plaintiff's decedent, LEONOR BALCAZAR by CHICAGO FAMILY HEALTH CLINIC and NIKIE PARIKH, M.D.

1

3. CHICAGO FAMILY HEALTH CLINIC, was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C.§ 233. NIKIE PARIKH, M.D., was acting within the scope of her employment at CHICAGO FAMILY HEALTH CENTER.

4. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(l), for money damages as compensation for the personal injuries and wrongful death caused by the Defendant's negligence.

5. Plaintiff Guadalupe Luna, has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

6. Plaintiff, Guadalupe Luna, is now filing this Complaint pursuant to 28 U.S.C. § 2675(a) after failing to receive a final disposition of her properly filed Standard 95 Form dated August 28, 2015 and Amended Standard 95 Form dated November 10, 2015.

7. On November 26, 2012, and all times relevant hereto, Plaintiff's decedent, Leonor Balcazar was, a resident of the City of Chicago, State of Illinois, County of Cook.

8. Defendant, United States of America, through its agents, operates Chicago Family Health Clinic, located at 9119 S. Exchange, Chicago, Illinois, State of Illinois, County of Cook.

9. On November 26, 2012, and all times relevant hereto, the directors, officers, operators, administrators, employees, agents, and staff at Chicago Family Health Clinic were employed by and/or acting on behalf of the Defendant, United States of America.

10. Jurisdiction is proper under 28 U.S.C. § 1346(b)(l).

11. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Northern District of Illinois.

12. That on December 7, 2011, and all times relevant hereto, CHICAGO FAMILY HEALTH CLINIC held itself out to Plaintiff's decedent, Leonor Balcazar, as a provider of high

quality health care services, with the expertise necessary to maintain the health and safety of its patients.

13. That on or about December 7, 2011, and all times relevant hereto, Nikie Parikh, M.D., was an actual or apparent agent, officer, servant and/or employee of CHICAGO FAMILY HEALTH CLINIC, and was acting within the scope of her actual or apparent agency and/or employment.

14. That on or about December 7, 2011, and continuing thereafter, CHICAGO FAMILY HEALTH CLINIC, by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to, Nikie Parikh, M.D., had under its care and did intend to and did treat Plaintiff's decedent, Leonor Balcazar.

15. That on or about June 28, 2012, Plaintiff's decedent, Leonor Balcazar, presented to the emergency department of Advocate Trinity Hospital, complaining of right upper quadrant pain, nausea, vomiting and back pain.

16. That on or June 28, 2012, a diagnostic computed tomography scan of Plaintiff's abdomen and pelvis revealed a 3.3 cm mass within the right hepatic lobe suspicious for neoplasm.

17. That on July 31, 2012, Plaintiff's decedent, Leonor Balcazar, presented to CHICAGO FAMILY HEALTH CLINIC for follow-up examination.

18. That on July 31, 2012, Defendant's employee, Nikie Parikh, M.D. advised plaintiff's decedent, Leonor Balcazar, that she was unable to discuss her emergency department treatment of June 28, 2012, until decedent's next scheduled office visit on November 26, 2012.

19. On July 31, 2012, Leonor Balcazar signed a Release of Health Information form.

3

20. That on November 26, 2012, LEONOR BALCAZAR presented to Defendant, CHICAGO FAMILY HEALTH CLINIC, for follow-up examination and was advised that all medical tests were normal.

21. That on February 27, 2013, plaintiff's decedent, Leonor Balcazar, presented to CHICAGO FAMILY HEALTH CLINIC, for follow-up examination.

22. That on July 19, 2013, Plaintiff's decedent, Leonor Balcazar, presented to CHICAGO FAMILY HEALTH CLINIC, for follow-up examination.

23. That on November 26, 2012 and February 27, 2013, and continuing thereafter, CHICAGO FAMILY HEALTH CLINIC, by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to Nikie Parikh, M.D., failed to advise Leonor Balcazar that the CT scan of June 28, 2012, revealed a potentially cancerous 3.3. cm liver mass.

24. That on November 26, 2012 and February 27, 2013, CHICAGO FAMILY HEALTH CLINIC, by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to, Nikie Parikh, M.D., failed to refer Leonor Balcazar, to the appropriate specialty for work-up of her abnormal CT findings of June 28, 2012.

25. That on July 19, 2013, decedent, Leonor Balcazar, was referred by Nikie Parikh, M.D., to Cook County Health & Hospitals System for evaluation of continued abdominal pain.

26. That on August 6, 2013 and August 14, 2013, plaintiff's decedent, Leonor Balcazar, presented to Cook County Health & Hospitals System Gastroenterology Clinic.

27. That on October 3, 2013, Plaintiff's decedent, Leonor Balcazar, presented to CHICAGO FAMILY HEALTH CLINIC, for a follow-up visit.

4

28. That on October 3, 2013, CHICAGO FAMILY HEALTH CLINIC, by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to Nikie Parikh, M.D., failed to inform Leonor Balcazar, of the findings of decedent's gastroenterology evaluations of August 6, 2013 and August 14, 2013.

29. That on or about October 25, 2013, CHICAGO FAMILY HEALTH CLINIC, by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to Nikie Parikh, M.D., mailed correspondence to Leonor Balcazar, erroneously advising her that all of her "tests were normal" and further advised the decedent: "there is no need for further follow up at this time."

30. That on July 30, 2014, Plaintiff's decedent, Leonor Balcazar, presented to her primary care physician, Devina Shah, complaining of right upper quadrant pain and weight loss.

31. That on August 1, 2014, Plaintiff's decedent, Leonor Balcazar, underwent a CT scan of the abdomen at Advocate Trinity Hospital, which revealed a large 10 cm mass within the right hepatic lobe, as well as a secondary mass measuring 2.5 cm. The patient's scans further revealed evidence of multiple lung nodules.

32. That on or about August 28, 2014, Plaintiff's decedent, Leonor Balcazar, was diagnosed with Stage IV cholangiocarcinoma.

33. That on and prior to November 26, 2012, 2012 and at all times relevant hereto, there existed a duty on the part of the Defendant, UNITED STATES OF AMERICA, by and through its actual or apparent agents, officers, servants and/or employees, including, but not limited to, CHICAGO FAMILY HEALTH CLINIC, and NIKIE PARIKH, M.D., to possess and apply the skill and knowledge of reasonably well-qualified physicians, residents, nurses and

5

healthcare staff and to take all appropriate and necessary measures to safeguard its patient, Leonor Balcazar.

34. Contrary to this duty Defendant, UNITED STATS OF AMERICA, by and through its actual or apparent agents, officers, servants and/or employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Failed to have in place policies and procedures to ensure that time sensitive and potentially life-threatening diagnostic results are communicated to patients in a timely manner;

(b) Failed to inform Leonor Balcazar, of the radiological findings of the June 28, 2012, CT scan which revealed the presence of a 3.3 cm mass within the right hepatic lobe which was deemed suspicious for neoplasm;

(c) Failed to order follow up diagnostic tests including, but not limited to, serial CT scans, PET scans and/or liver biopsy in a timely and efficient manner;

(d) Failed to refer Leonor Balcazar, in a timely and efficient manner to the appropriate medical specialty for evaluation and work-up of the 3.3 cm mass identified and described on the CT scan of June 28, 2012;

(e) Failed to communicate to Leonor Balcazar that prompt medical evaluation by a qualified specialist was necessary to rule out neoplastic disease;

(f) Failed to follow-up with the physicians at Cook County Health & Hospitals System regarding the results of Leonor Balcazar's evaluation and treatment recommendations following her evaluations of August 6, 2013 and August 14, 2013;

(g) Failed to review and discuss with Leonor Balcazar, the findings and recommendations made by the physicians at Cook County Health Hospitals System following the decedent's evaluations of August 6, 2013 and August 14, 2013;

(h) Negligently and incorrectly informed Leonor Balcazar, and her family, on October 25, 2013, via U.S. mail that her "tests were normal" and that there was "no need for further testing at this time"; and/or,

(i) Was otherwise careless and negligent in treating plaintiff's decedent.

35. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on part of Defendant, UNITED STATES OF AMERICA, by and through its actual or apparent agents, officers, servants and/or employees, Plaintiff's decedent, Leonor Balcazar, sustained severe and permanent injuries, including but not limited to, a twenty-six-month delay in the diagnosis and treatment of cholangiocarcinoma which resulted in metastatic cancer and subsequent death on October 13, 2015.

36. That the decedent, Leonor Balcazar is survived by her husband, Serafin Balcazar, her adult son, Nicolas Balcazar, and her adult daughters, Gloria Martinez, Estela Arceo, Guadalupe Luna and Vanessa Balcazar, who have suffered pecuniary loss, grief and sorrow and other damages owing to the death of Leonor Balcazar and have been deprived and will continue to be deprived in the future of her affection, society and companionship.

WHEREFORE, Plaintiff, GUADALUPE LUNA, Independent Administrator of the Estate of Leonor Balcazar, deceased, does hereby pray that judgment be entered in her favor and against the Defendant, UNITED STATES OF AMERICA, in the sum of $6 million dollars.

## COUNT II
### (SURVIVAL)

NOW COMES the Plaintiff, GUADALUPE LUNA, Individually and as Independent Administrator of the Estate of LEONOR BALCAZAR, Deceased, by and through her attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, UNITED STATES OF AMERICA, states as follows:

1-34. Plaintiff hereby realleges and incorporates Paragraphs 1-34 of Count I as Paragraphs 1-34 of this Count II as though fully set forth herein.

35. That as a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of Defendant, United States of America, by and through

its actual or apparent agents, officers, servants and/or employees, including but not limited to, NIKIE PARIKH, M.D. and CHICAGO FAMILY HEALTH CLINIC, the decedent, Leonor Balcazar, was injured and suffered damages of a personal and pecuniary nature including conscious pain and suffering prior to her death, damages for which, had she survived, she would have been entitled to maintain an action for; that such action has survived her and accrued to the benefit of her heirs at law, to wit, her husband, Serafin Balcazar and her children, Nicolas Balcazar, Gloria Martinez, Estela Arceo, Guadalupe Luna, and Vanessa Balcazar.

WHEREFORE, the Plaintiff, GUADALUPE LUNA, Individually and as Independent Administrator of the Estate of LEONOR BALCAZAR, deceased, does hereby pray that judgment be entered in her favor and against the Defendant, UNITED STATES OF AMERICA, in the sum of $6 million dollars.

### COUNT III
### (FUNERAL, BURIAL & MEDICAL EXPENSES)

NOW COMES the Plaintiff, GUADALUPE LUNA, Individually and as Independent Administrator of the Estate of LEONOR BALCAZAR, Deceased, by and through her attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, UNITED STATES OF AMERICA, states as follows:

1-34. Plaintiff hereby realleges and incorporates paragraphs 1-34 of Count I as paragraphs 1-34 of this Count III as though fully set forth herein.

35. That as a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of the Defendant, United States of America, the husband of the decedent, to wit, Serafin Balcazar, has become personally liable for the funeral, burial, and medical expenses of Leonor Balcazar.

WHEREFORE, Plaintiff, GUADALUPE LUNA, Individually and as Independent Administrator of the Estate of Leonor Balcazar, Deceased, does hereby pray that judgment be entered in her favor and against the Defendant, UNITED STATES OF AMERICA, in the sum of $6 million dollars.

    Respectfully submitted,

    KRALOVEC, JAMBOIS & SCHWARTZ

    /s/ John B. Kralovec

KRALOVEC, JAMBOIS & SCHWARTZ
60 W. Randolph St., 4th Floor
Chicago, Illinois 60601
P: (312) 782-2525
F: (312) 855-0068
ARDC: 6180958
jkralovec@kjs-law.com
avalencia@kjs-law.com